# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30616
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2018

Lyle W. Cayce
Clerk

CATHERINE J. VALDRY,

  Plaintiff – Appellant,

v.

MEGAN J. BRENNAN, Postmaster General,

  Defendant – Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-453

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

  Catherine J. Valdry appeals the district court's grant of summary judgment on her Title VII retaliatory hostile work environment claim, arguing primarily that the district court erred by applying the incorrect standard to one of the elements of her *prima facie* case—an argument Valdry has forfeited. We AFFIRM.

---

  * Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 17-30616

I.

Catherine J. Valdry, a letter carrier for the United States Postal Service at the Istrouma station in Louisiana, alleges that she suffered from a retaliatory hostile work environment because of the actions of Clifton Maryland. Maryland, a clerk supervisor who then became Manager of Customer Service at the Istrouma station, subjected Valdry to menacing looks on many occasions over about three years.[1] These menacing looks began after Valdry declined to go fishing with Maryland in late 2012. While also giving menacing looks, Maryland sometimes smirked at Valdry, stood with his hands on his hips, stuck out his chest, or licked his lips. After Valdry complained about Maryland's behavior, Maryland told her, "I'm in charge now. I'm gonna get you because you reported me." On this same day, Maryland gave Valdry the most menacing look yet, after which she suffered a panic attack.

Valdry also alleges that Maryland inappropriately monitored her and engaged in other demeaning behavior. Maryland called Valdry about a customer complaint and allowed the customer to listen to Valdry's response, unbeknownst to Valdry. Another time, Maryland stated that he did "not talk to devils." Around this same time, Maryland came to within a foot from Valdry's face and told her, "Dumb dumb, you gonna miss more overtime." After Valdry called the police because a customer had stationed a dog by his mail box, Maryland gave her an investigative interview. About a year later, Maryland remarked to Valdry, "Emh, Emh, you b—h." Valdry alleges that she was traumatized and disabled for thirty days because of her prior encounters with Maryland.

---

[1] We construe the facts here in the light most favorable to Valdry. *See Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

The district court granted the summary-judgment motion of Megan J. Brennan, the Postmaster General of the United States. While noting that the Fifth Circuit had not yet decided whether a retaliatory hostile work environment claim is cognizable under Title VII, the district court nevertheless allowed Valdry to pursue her claim. The district court also assumed, for the purposes of the summary-judgment motion, that it could consider all events occurring after Valdry's internal complaint about Maryland on September 13, 2013. In setting forth the elements for a *prima facie* case of retaliatory hostile work environment, the district court stated that the harassment must have "affected a term, condition, or privilege of her employment (i.e., the harassment was so pervasive or severe as to alter her conditions of employment and create an abusive working environment)." While quoting *Gibson v. Verizon Services Organization, Inc.*, 498 F. App'x 391, 394 (5th Cir. 2012), for the proposition that a court should not "disaggregate and separately analyze incidents that are alleged to constitute a hostile work environment," the district court sought to evaluate the categories of harassment that Valdry alleged. The district court analyzed the monitoring and investigating that Valdry alleged and then analyzed the incidents of staring and offensive language.

Considering the totality of the circumstances, the district court held that Valdry "failed to make out a *prima facie* claim for retaliatory hostile work environment because, even construing the facts in the light most favorable to [Valdry], no reasonable juror could find that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an objectively hostile work environment."

## II.

"We review a grant of summary judgment *de novo*." *N.Y. Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e may affirm the district court's decision on any grounds supported by the record." *U.S. ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 323 (5th Cir. 2017) (quoting *Phillips ex rel. Phillips v. Monroe County*, 311 F.3d 369, 376 (5th Cir. 2002)). We consider the facts in the light most favorable to the non-moving party. *Galindo*, 754 F.2d at 1216. However, an appellant "cannot attack summary judgment on appeal by raising distinct issues that were not before the district court." *Colony Creek, Ltd. v. Resolution Tr. Corp.*, 941 F.2d 1323, 1326 (5th Cir. 1991) (quoting *John v. Louisiana*, 757 F.2d 698, 710 (5th Cir. 1985)). "If a party wishes to preserve an argument for appeal, the party 'must press and not merely intimate the argument during the proceedings before the district court.'" *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005) (quoting *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n.4 (5th Cir. 1996)). An appellant must raise an argument "to such a degree that the district court has an opportunity to rule on it." *Id.* (quoting *Brown*, 84 F.3d at 141 n.4).

### III.

On appeal, Valdry raises four issues: (1) whether the district court erred in applying the "severe or pervasive" standard rather than a "material adversity" standard from *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); (2) whether the court erred in not considering plaintiff's "particular susceptibility"; (3) whether the court erred in not analyzing alleged harassing behavior from before the date of Valdry's first internal complaint; and (4) whether the court erred by disaggregating the evidence of retaliatory harassment.

Valdry has forfeited the first two issues. As to the first issue—the primary basis for Valdry's appeal—Valdry failed to argue to the district court that *Burlington*'s standard should apply rather than the "severe and

pervasive" standard. Indeed, in opposing the motion for summary judgment, Valdry specifically argued that the harassment she experienced "was severe and pervasive." As to the second issue, Valdry failed to argue before the district court the theories she now raises regarding fragility or "particular susceptibility" to emotional distress.

Valdry fails to create a genuine issue of material fact on the third issue. Valdry contends that the district court erred when it set the key time frame of events to analyze as beginning on September 13, 2013—the date of Valdry's first internal complaint against Maryland. However, the district court began its factual recitation by describing the alleged harassing incidents that occurred between late 2012 and September 13, 2013. Moreover, the district court determined that Valdry sufficiently established a temporal connection between protected activity and alleged retaliatory harassment. Valdry cannot establish that this dispute over when to start the time frame creates a genuine, material fact dispute as to causation or any other element of her retaliatory hostile work environment claim.

Valdry's final argument also lacks merit. The district court did not improperly disaggregate incidents of alleged harassment in an attempt to "divide and conquer." Rather, the district court identified the two major categories into which the various incidents fit and then—considering all incidents—made its determination.

## IV.

Accordingly, we AFFIRM the judgment of the district court. In addition, we DENY the motion for summary affirmance—which was carried with the case—as MOOT.